**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**WILLIAM D. KWIATEK,**<br><br>                     Debtor. | Chapter 7<br>Case No. 07-11753-MSH |

**MOTION BY CHAPTER 7 TRUSTEE FOR ENTRY OF ORDER APPROVING AND
ESTABLISHING SALE PROCEDURES AND TERMINATION FEE PROVISIONS IN
CONNECTION WITH SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS,
INTERESTS AND ENCUMBRANCES**
*(Determination Requested in Advance of Sale Motion)*

Harold B. Murphy, in his capacity as Chapter 7 Trustee (the "**Trustee**") of the above-referenced debtor (the "**Debtor**"), hereby requests entry of an order approving and establishing certain sale procedures (the "**Sale Procedures**") and a termination fee (the "**Termination Fee**") in connection with the *Motion by Chapter 7 Trustee for Entry of an Order Authorizing and Approving: (I) Sale of Assets By Private Sale, Free and Clear of Liens, Claims, Encumbrances and Interests; and (II) Grant of General Release* (the "**Sale Motion**") filed concurrently herewith. The Trustee further requests that the Court approve the form of notice (the "**Notice**") of the Sale Motion as set forth below.

In the Sale Motion, the Trustee seeks approval of the *Agreement Regarding Purchase and Sale of Membership Interests and Claims* (the "**Sale Agreement**")[1] by and between the Trustee and Anlyn Associates, Inc. (the "**Buyer**") that contemplates the sale of (i) the membership interests of Consolidation USA II, Inc. ("**Consolidation II**"), the Debtor's wholly owned corporation, in Excalibur I, LLC ("**Excalibur I**"); and (ii) any asserted claims of the Trustee, the

---

[1] Capitalized terms not otherwise defined in this motion shall have the meanings given them in the Sale Agreement.

Debtor and Consolidation II against the other members of Excalibur I, including against the Buyer and related third parties, and a release of such claims, as more fully set forth in the Sale Motion and the Sale Agreement, free and clear of all liens, claims, interests and other encumbrances, to the Buyer for the purchase price of $100,000.

The Trustee respectfully requests that the Court determine and schedule any hearing on this sale procedures motion (the "**Sale Procedures Motion**")[2] in advance of setting a counteroffer deadline, objection deadline and a hearing date with respect to the Sale Motion because the Sale Agreement and Rule 6004-1(c)(2) of the Massachusetts Local Bankruptcy Rules ("**MLBR**") require that the Trustee obtain advance approval of the Sale Procedures and Termination Fee set forth herein. In further support of this Sale Procedures Motion, the Trustee states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this motion include Section 363 of the Bankruptcy Code, Rule 6004 of the Federal Rules of Bankruptcy Procedure, and MLBR 6004-1.

## BACKGROUND

3. On March 26, 2007 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and thereafter the Trustee was appointed.

---

[2] This Sale Procedures Motion contains summaries of various terms of the Sale Agreement but is not meant to be a substitute for the Sale Agreement, which may contain additional terms and conditions. In the event of a conflict between this motion and the Sale Agreement, the Sale Agreement shall control.

4.  Among the Debtor's assets are his one hundred percent interest in Consolidation II, a Massachusetts corporation which in turn owns one-third of the membership interests (the "**Interest**") in Excalibur I, a New York limited liability corporation.

5.  The Trustee asserts that in his capacity as Chapter 7 trustee of the Estate of the Debtor and sole stockholder of Consolidation II, he holds, on behalf of the Estate, the Debtor and Consolidation II, certain claims, causes of action and actions, whether known or unknown, matured or unmatured, foreseen or unforeseen, direct or indirect, assertable directly or derivatively, in contract or tort, or in law or equity (collectively, the "**Claims**") against the Buyer, Excalibur I, Excalibur II, LLC, a New York limited liability company, Consolidation USA, Inc., a Massachusetts corporation, the estate of Melvin Schreiber, Jeffrey A. Schreiber, Gary E. Schreiber, Suzanne E. Zwicker, Schreiber/Cohen, LLC an Indiana limited liability company and/or Moses and Schreiber, LLP, a New York limited liability partnership (collectively, the "**Released Parties**") including, without limitation, in connection with Excalibur I's operations and its alleged failure to pay profits owed to Consolidation II, the Debtor's wholly owned corporation. The Released Parties dispute the Claims.

6.  The Trustee has determined to enter into the Sale Agreement with the Buyer in order to resolve the disputes between the Trustee and the Released Parties, including the Buyer, with respect to Claims and the Interest by selling the Claims and the Interest to the Buyer, subject to objections and higher and better offers by potential interested parties.

7.  Contemporaneously with the filing of this Sale Procedures Motion, the Trustee has filed the Sale Motion, seeking authority to consummate the Sale Agreement, to sell the Claims and the Interest (collectively, the "**Purchased Assets**") to the Buyer for the amount of $100,000 (the "**Purchase Price**"), and to provide a release to the Released Parties.

3

8. The Buyer has made a good faith deposit of $25,000 toward the Purchase Price.

9. Pursuant to the Sale Agreement and the Sale Motion:

   a. The Purchased Assets are to be sold to the Buyer, subject to higher and better offers, free and clear of all liens, claims, encumbrances and other interests and shall be on an "as is" "where is" basis without representations and warranties, express or implied, all such representations and warranties being expressly disclaimed.

   b. Parties submitting counteroffers must submit a counteroffer that is $25,000 more than the Purchase Price, or no less than $125,000.

   c. In the event that the Purchased Assets are sold to a party other than the Buyer, such sale shall be on an "as is" "where is" basis without representations and warranties, express or implied, all such representations and warranties being expressly disclaimed, and free and clear of liens, claims, encumbrances and other interests.

   d. In the event that the Purchased Assets are sold to a party other than the Buyer, the Buyer shall be entitled to the Termination Fee in the amount of $10,000.

10. By this motion, the Trustee seeks approval of Sale Procedures in connection with the sale of the Purchased Assets and the Termination Fee to ensure an orderly sale process and promote the maximum recovery for the Debtor's estate from the Purchased Assets.

## RELIEF REQUESTED

A. **Sale Procedures**

11. The Trustee requests that the Bankruptcy Court enter an order substantially in the form attached hereto as Exhibit A, approving the Sale Procedures (the "**Sale Procedures Order**") including the following provisions:

   a. Any competing bid shall be deemed to qualify as a competing bid for the purchase of the Purchased Assets (a "**Competing Bid**") only if: (i) made upon terms and provisions set forth in the Sale Agreement for the purchase of the Purchased Assets and (ii) for a cash amount of at least $25,000 more than the sum of the Purchase Price, or $125,000.

   b. A Competing Bid must contain a case caption as set forth above and be filed, in accordance with the applicable Federal and Local Rules of Bankruptcy Procedure, with the United States Bankruptcy Court for the District of Massachusetts, John

4

        W. McCormack Post Office and Courthouse, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945, on or before 4:30 p.m. on the date established by the Court (the "**Bid Deadline**"). A Competing Bid must be served on (i) Trustee's counsel, Murphy & King, Professional Corporation, One Beacon Street, Boston, MA 02108, Attn: Kathleen R. Cruickshank, Esq.; (ii) the Office of the United States Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949; and (iii) counsel for the Buyer, Pachulski Stang Siehl & Jones, LLP, 780 Third Avenue, 34th Floor, New York, New Your, att: Richard Mikels, Esq. (collectively, the "**Bidding Notice Parties**").

c.    A Competing Bid must not be subject to contingencies for financing or the completion of due diligence.

d.    Any bidder submitting a Competing Bid must deliver a cash deposit to counsel for the Trustee at the time of submission of such bid in the amount of $25,000. The cash deposit shall be in the form of a certified check or wire transfer of immediately available funds, and must be received on or before the Bid Deadline. The deposit delivered by a competing bidder will be forfeited in the event that such competing bidder is the successful bidder and fails to close on the sale through no fault of the Trustee.

e.    Any party submitting a Competing Bid shall demonstrate to the Trustee's satisfaction that: (i) it is financially able to consummate the transactions contemplated by the Competing Bid, in cash in the amount of the Competing Bid, which ability may be demonstrated by submission of bank statements, current audited or unaudited financial statements, or other reasonable evidence, or, if the bidder is an entity formed for the purpose of acquiring the assets in question, current audited or unaudited financial statements or other reasonable evidence of the financial capability of the equity holders of the bidder, and (ii) it is able to fulfill all remaining obligations in connection with the purchase of the Purchased Assets.

f.    An auction for the Purchased Assets shall be held only if there is a Competing Bid. In the absence of a Competing Bid, the Trustee shall seek approval of the sale of the Purchased Assets to the Buyer, pursuant to the terms of the Sale Agreement.

g.    Bidding at any auction for the Purchased Assets shall be conducted by the Trustee at the hearing on the Sale Motion (the "**Sale Hearing**") by open cry.

h.    Only persons that have submitted a timely, qualified Competing Bid may participate in any action. Notwithstanding this provision, the Buyer may compete in any auction for the Purchased Assets, and shall be entitled to improve its offer at any auction for the Purchased Assets.

  i. Any objection to the Sale Motion must be filed, in accordance with the applicable Federal and local Rules of Bankruptcy Procedure, with the United States Bankruptcy Court for the District of Massachusetts, John W. McCormack Post Office and Courthouse, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945, on or before the deadline established by the Court, and served on the Bidding Notice Parties.

**B. The Sale Procedures Should Be Approved**

12. The Sale Procedures are usual and ordinary sale procedures in this district and should be approved.

13. The paramount purpose of any sale of property of the estate is maximization of the proceeds to be received. *See, e.g., In re Mushroom Transp. Co., Inc.*, 382 F3d 325, 339 (3d Cir. 2004). Courts recognize that bid procedures are an effective way to enhance competitive bidding and maximize the value to be received from sales of estate property. *See In re Integrated Res., Inc.*, 147 B.R. 650, 659-660 (S.D.N.Y. 1992).

14. The proposed Sale Procedures will establish parameters under which the value of the Purchased Assets may be tested at the Sale Hearing. The Sale Procedures will enable the Trustee to conduct an auction in a controlled, open and fair fashion. This, in turn, will encourage active bidding from financially capable parties and dispel any doubts as to the highest and best offer for the Purchased Assets. The Sale Procedures are consistent with sale procedures previously approved by this Court. *See, e.g., In re GPX International Tire Corp.*, Case No. 09-20170 (Bankr. D. Mass October 30, 2009) [Docket No. 98]. The required initial overbid amount is required by the Sale Agreement, takes into account the amount of the Termination Fee and is designed to ensure that the Estate will be enhanced by the bidding process.

15. Therefore, the proposed Sale Procedures should be approved.

6

C. **Termination Fee Provisions**

16. The Sale Agreement provides, in the event that Buyer is not ultimately the successful bidder for the Purchased Assets, and in consideration of the Buyer having expended considerable time and substantial expense in connection with the negotiation of the Sale Agreement, that the Buyer is entitled a Termination Fee equal to $10,000. The Termination Fee is subject to Court approval and shall be paid from the proceeds of the sale of the Purchased Assets to a party other than the Buyer, pursuant to the Sale Motion (a "**Competing Transaction**"). The Trustee requests authority to pay the Termination Fee to the Buyer within five (5) Business Days of the closing of a sale of the Purchased Assets to a party other than the Buyer as an allowed administrative expense claim in the Bankruptcy Case pursuant to Section 503(b)(1) of the Bankruptcy Code with priority over other allowed administrative expense claims.

D. **The Termination Fee Should Be Approved**

17. Good and sufficient cause exists to approve the Termination Fee.

18. Termination Fees "are important tools to encourage bidding and to maximize the value of the debtor's assets." *Integrated Res.*, 147 B.R. at 659.

19. The Sale Agreement and the Termination Fee are the product of extensive negotiation between the Trustee and the Buyer. The Buyer has expended, and likely will continue to expend, considerable time, money and energy pursuing the purchase of the Purchased Assets and has engaged in extended and lengthy good faith negotiations. The Sale Agreement is the culmination of these efforts. The Termination Fee provides reasonable and ordinary protection to the Buyer.

20. The Termination Fee was a material inducement for, and a condition of, the Buyer's entry into the Sale Agreement. The Buyer is unwilling to act as the stalking-horse

7

bidder without the Termination Fee. By having the Buyer as a stalking-horse bidder, additional bidding on the Purchased Assets will be promoted. The Termination Fee is, therefore, a reasonable and necessary cost of preserving the value of the Estate. The Termination Fee is common in sales of this type and is reasonable given the size of the transaction contemplated by the Sale Agreement. In the event that the Trustee closes a Competing Transaction in the amount of $125,000, the Termination Fee would represent eight percent (8%) of the Competing Transaction.

21. For the foregoing reasons, the Termination Fee should be approved.

**E.    Notice of Sale**

22. Appended to this Sale Procedures Motion as <u>Exhibit B</u> is the proposed form of *Notice of Intended Private Sale and Deadlines for Filing Objections and Counteroffers* (the "**Sale Notice**"). Once the Court provides the Trustee with the scheduled date for the Sale Hearing and the deadline for filing objections to the Sale Motion and submission of counterbids, the Trustee will serve the Sale Notice on the Notice Parties (as defined in the Sale Motion), with copies of the Sale Motion, with exhibits, and any order approving this motion.

## ADVANCED DETERMINATION REQUESTED

23. Pursuant to MLBR 6004-1(c)(2), the Trustee seeks entry of the Sale Procedures Order prior to the setting of deadlines and a hearing date with respect to the Sale Motion so that the sale process may be established and service of notice of the Sale Hearing may be made in accordance with Federal Rule of Bankruptcy Procedure 2002 and MLBR 2002-1 and 6004-1.

## NOTICE

24. Copies of this Sale Procedures Motion have been served upon: (i) the Office of the United States Trustee; (ii) counsel for Buyer; (iii) all parties who have filed a notice of

8

appearance and request for notice in these proceedings; and (iv) all known creditors of the Debtor and Consolidation II. The Trustee requests that such notice be deemed sufficient and appropriate notice.

WHEREFORE, the Trustee requests that the Court:

(a)    Schedule a hearing on the Sales Procedures Motion in advance of setting deadlines and a hearing with respect to the Sale Motion;

(b)    Approve this Sale Procedures Motion;

(c)    Approve the Sale Procedures;

(d)    Approve the Termination Fee;

(e)    Enter the Sale Procedures Order, substantially in the form attached as Exhibit A;

(f)    Approve the Sale Notice attached hereto as Exhibit B;

(g)    Schedule the hearing on the Sale Motion and identify dates for the filing objections to the Sale Motion and submission of counterbids prior to the Sale Hearing; and

(h)    Grant such other relief as is just and proper.

Respectfully submitted,

HAROLD B. MURPHY, CHAPTER 7
TRUSTEE OF WILLIAM D. KWIATEK.

By his counsel,

*/s/ Kathleen R. Cruickshank*
Kathleen R. Cruickshank (BBO #550675)
Murphy & King, Professional Corporation
One Beacon Street
Boston, Massachusetts 02108
Phone: (617) 423-0400
kcruickshank@murphyking.com

Dated: August 13, 2019

760430

9

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>WILLIAM D. KWIATEK,<br><br>Debtor. | Chapter 7<br>Case No. 07-11753-MSH |

### ORDER APPROVING AND ESTABLISHING SALE PROCEDURES AND APPROVING TERMINATION FEE PROVISIONS

Harold B. Murphy, in his capacity as Chapter 7 Trustee (the "Trustee") of the above-referenced debtor (the "Debtor") having filed his *Motion by Chapter 7 Trustee for Entry of Order Approving and Establishing Sale Procedures and Termination Fee Provisions in connection with Sale of Assets Free and Clear of Liens, Claims, Encumbrances and Interests* (the "Sale Procedures Motion") seeking entry of an order approving and establishing certain sale procedures and a termination fee in connection with the Trustee's proposed sale the Purchased Assets to Anlyn Associates, Inc. (the "Buyer"); and the Court having considered the Sale Procedures Motion and all pleadings associated with that motion; and upon the arguments of counsel and the evidence presented at the hearing on the Sale Procedures Motion; and after due deliberation and sufficient cause therefore,

**THIS COURT HEREBY FINDS THAT**:

A.  Capitalized terms not otherwise defined in this order shall have the respective meanings attributed to such terms in the Sale Procedures Motion.

B.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1). Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. The Trustee has filed the *Motion by Chapter 7 Trustee For Entry of Order Authorizing and Approving: (I) Sale of Assets By Private Sale, Free and Clear of Liens, Claims, Encumbrances and Interests and (II) Grant of General Release* (the "Sale Motion"). The Sale Motion seeks the approval of the Sale Agreement between the Trustee and the Buyer (the "Agreement") that contemplates the sale of the Purchased Assets and authority to execute the Release to the Released Parties.

D. The purchase price for the Purchased Assets pursuant to the Sale Agreement is $100,000 (the "Purchase Price"). The Buyer has submitted a $25,000 deposit (the "Deposit") to the Trustee.

E. The Sale Agreement provides that the Purchaser is entitled to a termination fee of $10,000 (the "Termination Fee") in the event that the Trustee consummates a sale of the Purchased Asset to the proponent of a Competing Bid (as defined below).

F. The Buyer has expended, and likely will continue to expend, considerable time and substantial money and energy pursuing the sale and has engaged in extended and lengthy good faith negotiations. The Sale Agreement and closing of the transactions contemplated thereby are the culmination of these efforts.

G. The Termination Fee was a material inducement for, and a condition of, the Buyer's entry into the Sale Agreement. The Buyer is unwilling to act as the stalking-horse bidder without the Termination Fee. By having the Buyer as a stalking-horse bidder, additional bidding on the Purchased Assets will be promoted.

H. The approval of the Termination Fee will therefore benefit the Debtor's bankruptcy estate.

I.  Notice of the Sale Procedures Motion was appropriate under the circumstances, and no further notice is required.

J.  The Court has scheduled a hearing on the Sale Motion on _____ 2019 at _____.m. (the "Sale Hearing").

K.  Good and sufficient cause exists for the entry of this Order.

**NOW THEREFORE,** it is **HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.  The Sale Procedures Motion is hereby granted in its entirety.

2.  The following Sale Procedures shall apply to the sale of the Purchased Assets:

    a.  Any competing bid shall be deemed to qualify as a competing bid for the purchase of the Purchased Assets (a "Competing Bid") only if: (i) made upon terms and provisions set forth in the Sale Agreement for the purchase of all of the Purchased Assets and (ii) for a cash amount of at least $25,000 more than the sum of the Purchase Price, or $125,000.

    b.  A Competing Bid must contain a case caption as set forth above and be filed, in accordance with the applicable Federal and local Rules of Bankruptcy Procedure,[1] with the United States Bankruptcy Court for the District of Massachusetts, John W. McCormack Post Office and Courthouse, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945, **on or before 4:30 p.m. on _____, 2019** (the "Bid Deadline"). A Competing Bid must be served on (i) Trustee's counsel, Murphy & King, Professional Corporation, One Beacon Street, Boston, MA 02108, Attn: Kathleen R. Cruickshank, Esq.; (ii) the Office of the United States Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949; and (iii) counsel for the Buyer, Pachulski Stang Siehl & Jones, LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Richard E, Mikels, Esq (collectively, the "Bidding Notice Parties").

    c.  A Competing Bid must not be subject to contingencies for financing or the completion of due diligence.

    d.  Any bidder submitting a Competing Bid must deliver a cash deposit to counsel for the Trustee at the time of submission of such bid in the amount of $25,000. The cash deposit shall be in the form of a certified check or wire

---

[1] Including, without limitation, the restrictions on facsimile filings pursuant to MLBR 5005-4.

4

transfer of immediately available funds, and must be received on or before the Bid Deadline. The deposit delivered by a competing bidder will be forfeited in the event that such competing bidder is the successful bidder and fails to close on the sale through no fault of the Trustee.

e. Any party submitting a Competing Bid shall demonstrate to the Trustee's satisfaction that: (i) it is financially able to consummate the transactions contemplated by the Competing Bid, in cash in the amount of the Competing Bid, which ability may be demonstrated by submission of bank statements, current audited or unaudited financial statements, or other reasonable evidence, or, if the bidder is an entity formed for the purpose of acquiring the assets in question, current audited or unaudited financial statements or other reasonable evidence of the financial capability of the equity holders of the bidder, and (ii) it is able to fulfill all remaining obligations in connection with the purchase of the Purchased Assets.

f. An auction for the Purchased Assets shall be held only if there is a Competing Bid. In the absence of a Competing Bid, the Trustee shall seek approval of the sale of the Purchased Assets to the Buyer, pursuant to the terms of the Sale Agreement.

g. Bidding at any auction for the Purchased Assets shall be conducted by the Trustee at the hearing on the Sale Motion (the "Sale Hearing") by open cry.

h. Only persons that have submitted a timely, qualified Competing Bid may participate in any auction. Notwithstanding this provision, the Buyer may compete in any auction for the Purchased Assets, and shall be entitled to improve its offer at any auction for the Purchased Assets.

i. Any objection to the Sale Motion must be filed, in accordance with the applicable Federal and local Rules of Bankruptcy Procedure, with the United States Bankruptcy Court for the District of Massachusetts, John W. McCormack Post Office and Courthouse, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945, **on or before 4:30 p.m. on _____, 2019**, and served on the Bidding Notice Parties.

3. The proposed form of notice (the "Notice of Sale") attached to the Sale Procedures Motion as <u>Exhibit B</u> is hereby approved, and the Trustee is authorized to serve the Notice of Sale, via ECF and/or First Class U.S. mail, upon the parties-in-interest identified in the Sale Procedures Motion.

5

4. If the party submitting the highest and best offer fails to close on the sale of the Purchased Assets, the Trustee is authorized, but not directed, to sell the Purchased Assets to the party submitting the next highest or best offer without the necessity of further Court approval; provided that nothing in this order shall modify or affect the ability of the Trustee or the Buyer to terminate the Agreement according to its terms.

5. In the event the Buyer and/or the party who submits the highest and best bid for the Purchased Assets fails to close on the sale, and such failure constitutes a breach of the agreement between that party and the Trustee by such party, then such party's deposit shall be forfeited to the Debtor's estate and the Trustee shall retain same as liquidated damages.

6. The Termination Fee is approved. In the event that the Purchased Assets are sold to a party other than the Buyer, the Trustee is authorized to remit the Termination Fee in accordance with the Sale Agreement and this Order. At the election of the Trustee, the Trustee may pay the Termination Fee to the Buyer from the proceeds and at the closing of a transaction for the Purchased Assets to a party other than the Buyer, pursuant to the Sale Motion (a "Competing Transaction"). The Buyer's right to the Termination Fee is hereby deemed to be an allowed administrative expense claim under Section 503(b) of the Bankruptcy Code with priority over all other allowed administrative expense claims.

7. In the event of the consummation of a Competing Transaction, the Deposit, or in the event that any Competing Bid is not the winning bid, the deposit of the proponent of such unsuccessful Competing Bid, shall be released to the Buyer or the proponent of an unsuccessful Competing Bid, as applicable, without further notice or order of the Court (and the automatic stay under Section 362 of the Bankruptcy Code is hereby waived to the extent necessary to

permit such release and any actions that may be necessary or proper for any party to take to effectuate such release).

8. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order, including to (i) interpret, implement and enforce the provisions of this Order and the Agreement, any subsequent amendments to, modifications of, consents relating to or waivers thereof and any related documents and (ii) adjudicate all matters concerning the Sale Procedures, the Sale Motion, this Order or the Agreement.

_____
Melvin S. Hoffman, United States Bankruptcy Judge

DATED: _____, __, 2019

760556

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>WILLIAM D. KWIATEK,<br><br>Debtor. | )<br>)<br>)  Chapter 7<br>)  Case No. 07-11753-MSH<br>)<br>)<br>) |

### NOTICE OF INTENDED PRIVATE SALE AND DEADLINES FOR FILING OBJECTIONS AND COUNTEROFFERS

**TO CREDITORS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE THAT**, on August _, 2019, Harold B. Murphy, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of William D. Kwiatek (the "**Debtor**"), filed the *Motion by Chapter 7 Trustee for Entry of Order Authorizing and Approving (I) Sale of\ Assets by Private Sale, Free and Clear of Liens, Claims, Encumbrances and Interests and (II) Grant of General Release* (the "**Sale Motion**") and the *Motion by Chapter 7 Trustee for Entry of Order Approving and Establishing Sale Procedures and Termination Fee Provisions in Connection with Sale of Assets Free and Clear of Liens, Claims, Encumbrances and Interests (Determination Requested in Advance of Sale Motion)* (the "**Sale Procedures Motion**") pursuant to which the Trustee seeks entry of an order authorizing and approving (1) the private sale pursuant to an *Agreement Regarding Purchase and Sale of Membership Interests and Claims* (the "**Sale Agreement**") of certain assets of the Estate and Consolidation USA II, LLC, the Debtor's wholly owned corporation, as more fully described in the Sale Motion and the Sale Agreement (collectively, the "**Purchased Assets**") to Anlyn Associates, Inc. (the "**Buyer**") for a purchase price of $100,000, as well as authority for the establishment of certain procedures related to the sale of the property (as set forth in the Sale Procedures Motion), free and clear of all liens, claims, interests and other encumbrances, to the Buyer. The Sale Motion also seeks authority for the Trustee to grant a release to the Released Parties (as defined in the Sale Agreement and the Sale Motion).

The Purchased Assets consist of (i) Consolidation II's one-third membership interest (the "**Interest**") in Excalibur I, LLC, a New York limited liability corporation ("**Excalibur I**") and (ii) the claims of the Estate, the Debtor and Consolidation II, of whatever kind and nature, known or unknown, against the Released Parties, including, without limitation, those on account of Excalibur I's operations (the "**Claims**"), as is more fully set forth in the Sale Motion.

**PLEASE TAKE FURTHER NOTICE THAT** the sale of the Purchased Assets shall be on an "as is" "where is" basis without representations and warranties, express or implied, all such representations and warranties being expressly disclaimed.

Pursuant to Section 363 of the Bankruptcy Code, the Purchased Assets shall be sold free and clear of all liens, claims, interests and encumbrances, including without limitation all consensual liens and security interests and all liens or claims arising by operation of law with any and all such liens, claims, encumbrances and interests shall attach to the proceeds of the sale of the Purchased Assets to the same extent and priority as existed prior to the filing of the Debtor's bankruptcy case.

Nothing in this notice constitutes a waiver of the Trustee's right to review and challenge the extent, priority or validity of any lien, claim, encumbrance or interest.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing on the Sale Motion will be held on _____, 2019 at __:__ __. m. (the "**Sale Hearing**") before the Honorable Melvin S. Hoffman, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949. The Trustee will seek approval of the Sale Motion at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to that certain order of the United States Bankruptcy Court for the District of Massachusetts (the "**Court**"), dated _____, ____, 2019 approving the Sale Procedures Motion (the "**Sale Procedures Order**"), the Court has established procedures for bidding and proposing counteroffers for the sale of the Purchased Assets.

**PLEASE TAKE FURTHER NOTICE THAT** any counteroffer for the purchase of the Purchased Assets pursuant to the Sale Motion must be made in writing and filed with the Clerk of the Court, via the Bankruptcy Court's CM/ECF System (for registered users) or by mail by _____, 2019 at __:__ __. m. (the "**Bid Deadline**") and served so that the counteroffer is **received on or before** the Bid Deadline by (i) Trustee's counsel, Murphy & King, Professional Corporation, One Beacon Street, Boston, MA 02108, Attn: Kathleen R. Cruickshank, Esq.; (ii) the Office of the United States Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949; and (iii) counsel for the Buyer, Pachulski Stang Siehl & Jones, LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Richard E, Mikels Esq.

Any party intending to make counteroffers or bid on the Purchased Assets must comply with the Sale Procedures Order.

In the event that a qualifying counteroffer for the Purchased Assets is received, an auction will be held for the Purchased Assets at the Sale Hearing. In the event that no qualifying counteroffer is received, the Trustee shall seek authority to sell the Purchased Assets to the Buyer.

**PLEASE TAKE FURTHER NOTICE THAT** any objection to the Sale Motion must be made in writing and filed with the Clerk of the Court, via the Bankruptcy Court's CM/ECF System (for registered users) or by mail by _____, 2019 at __:__ __. m. (the "**Objection Deadline**") and served so that the objection is **received on or before** the Objection Deadline by (i) Trustee's counsel, Murphy & King, Professional Corporation, One Beacon

Street, Boston, MA 02108, Attn: Kathleen R. Cruickshank, Esq.; (ii) the Office of the United States Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949; and (iii) counsel for the Buyer, Pachulski Stang Siehl & Jones, LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Richard E. Mikels, Esq. Any party filing an objection to the Sale Motion is required to appear at the Sale Hearing and absent such appearance, such objection shall be overruled and deemed moot. Any objection to the Sale Motion shall be governed by Federal Rule of Bankruptcy Procedure 9014.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITHOUT FURTHER NOTICE TO YOU OR OPPORTUNITY TO OBJECT. A COPY OF THE SALE PROCEDURES ORDER IS ATTACHED TO THIS NOTICE. COPIES OF THE SALE MOTION, THE RELATED EXHIBITS AND ADDITIONAL COPIES OF THE SALE PROCEDURES ORDER MAY BE OBTAINED FROM THE UNDERSIGNED COUNSEL FREE OF CHARGE.**

        HAROLD B. MURPHY, CHAPTER 7
        TRUSTEE OF WILLIAM D. KWIATEK

        By his counsel,

        */s/ Kathleen R. Cruickshank*
        Kathleen R. Cruickshank (BBO #550675)
        Murphy & King, Professional Corporation
        One Beacon Street
        Boston, Massachusetts 02108
        Phone: (617) 423-0400
        Facsimile: (617) 556-8985
        kcruickshank@murphyking.com

Dated: _____, 2019

760431