**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |   |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 7** |
| **WILLIAM D. KWIATEK,** | ) | **Case No.  07-11753-MSH** |
| | ) | |
| Debtor | ) | |
| | ) | |

**NOTICE OF INTENDED PRIVATE SALE AND DEADLINES FOR FILING OBJECTIONS AND COUNTEROFFERS**

**TO CREDITORS AND PARTIES IN INTEREST:**

  **PLEASE TAKE NOTICE THAT**, on August 13, 2019, Harold B. Murphy, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of William D. Kwiatek (the "**Debtor**"), filed the *Motion by Chapter 7 Trustee for Entry of Order Authorizing and Approving (I) Sale of\ Assets by Private Sale, Free and Clear of Liens, Claims, Encumbrances and Interests and (II) Grant of General Release* (the "**Sale Motion**") and the *Motion by Chapter 7 Trustee for Entry of Order Approving and Establishing Sale Procedures and Termination Fee Provisions in Connection with Sale of Assets Free and Clear of Liens, Claims, Encumbrances and Interests* (*Determination Requested in Advance of Sale Motion)* (the "**Sale Procedures Motion**") pursuant to which the Trustee seeks entry of an order authorizing and approving (1) the private sale pursuant to an *Agreement Regarding Purchase and Sale of Membership Interests and Claims* (the "**Sale Agreement**") of certain assets of the Estate and Consolidation USA II, LLC, the Debtor's wholly owned corporation, as more fully described in the Sale Motion and the Sale Agreement (collectively, the "**Purchased Assets**") to Anlyn Associates, Inc. (the "**Buyer**") for a purchase price of $100,000, as well as authority for the establishment of certain procedures related to the sale of the property (as set forth in the Sale Procedures Motion), free and clear of all liens, claims, interests and other encumbrances, to the Buyer. The Sale Motion also seeks authority for the Trustee to grant a release to the Released Parties (as defined in the Sale Agreement and the Sale Motion).

  The Purchased Assets consist of (i) Consolidation II's one-third membership interest (the "**Interest**") in Excalibur I, LLC, a New York limited liability corporation ("**Excalibur I**") and (ii) the claims of the Estate, the Debtor and Consolidation II, of whatever kind and nature, known or unknown, against the Released Parties, including, without limitation, those on account of Excalibur I's operations (the "**Claims**"), as is more fully set forth in the Sale Motion.

  **PLEASE TAKE FURTHER NOTICE THAT** the sale of the Purchased Assets shall be on an "as is" "where is" basis without representations and warranties, express or implied, all such representations and warranties being expressly disclaimed.

  Pursuant to Section 363 of the Bankruptcy Code, the Purchased Assets shall be sold free and clear of all liens, claims, interests and encumbrances, including without limitation all

consensual liens and security interests and all liens or claims arising by operation of law with any and all such liens, claims, encumbrances and interests shall attach to the proceeds of the sale of the Purchased Assets to the same extent and priority as existed prior to the filing of the Debtor's bankruptcy case.

Nothing in this notice constitutes a waiver of the Trustee's right to review and challenge the extent, priority or validity of any lien, claim, encumbrance or interest.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing on the Sale Motion will be held on **October 16, 2019, at 10:00 AM** (the "**Sale Hearing**") before the Honorable Melvin S. Hoffman, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949.  The Trustee will seek approval of the Sale Motion at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to that certain order of the United States Bankruptcy Court for the District of Massachusetts (the "**Court**"), dated September 6, 2019 approving the Sale Procedures Motion (the "**Sale Procedures Order**"), the Court has established procedures for bidding and proposing counteroffers for the sale of the Purchased Assets.

**PLEASE TAKE FURTHER NOTICE THAT** any counteroffer for the purchase of the Purchased Assets pursuant to the Sale Motion must be made in writing and filed with the Clerk of the Court, via the Bankruptcy Court's CM/ECF System (for registered users) or by mail by **October 1, 2019, at 4:30 PM** (the "**Bid Deadline**") and served so that the counteroffer is **received on or before** the Bid Deadline by (i) Trustee's counsel, Murphy & King, Professional Corporation, One Beacon Street, Boston, MA 02108, Attn:  Kathleen R. Cruickshank, Esq.; (ii) the Office of the United States Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949; and (iii) counsel for the Buyer, Pachulski Stang Siehl & Jones, LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Richard  E, Mikels Esq.

Any party intending to make counteroffers or bid on the Purchased Assets <u>must</u> comply with the Sale Procedures Order.

In the event that a qualifying counteroffer for the Purchased Assets is received, an auction will be held for the Purchased Assets at the Sale Hearing.  In the event that no qualifying counteroffer is received, the Trustee shall seek authority to sell the Purchased Assets to the Buyer.

**PLEASE TAKE FURTHER NOTICE THAT** any objection to the Sale Motion must be made in writing and filed with the Clerk of the Court, via the Bankruptcy Court's CM/ECF System (for registered users) or by mail by **October 1, 2019, at 4:30 PM** (the "**Objection Deadline**") and served so that the objection is **received on or before** the Objection Deadline by (i) Trustee's counsel, Murphy & King, Professional Corporation, One Beacon Street, Boston, MA 02108, Attn:  Kathleen R. Cruickshank, Esq.; (ii) the Office of the United States Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston,

Massachusetts, 02109-3949; and (iii) counsel for the Buyer, Pachulski Stang Siehl & Jones, LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Richard E. Mikels, Esq.  Any party filing an objection to the Sale Motion is required to appear at the Sale Hearing and absent such appearance, such objection shall be overruled and deemed moot.  Any objection to the Sale Motion shall be governed by Federal Rule of Bankruptcy Procedure 9014.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITHOUT FURTHER NOTICE TO YOU OR OPPORTUNITY TO OBJECT.  A COPY OF THE SALE PROCEDURES ORDER IS ATTACHED TO THIS NOTICE.  COPIES OF THE SALE MOTION, THE RELATED EXHIBITS AND ADDITIONAL COPIES OF THE SALE PROCEDURES ORDER MAY BE OBTAINED FROM THE UNDERSIGNED COUNSEL FREE OF CHARGE.**

      HAROLD B. MURPHY, CHAPTER 7
TRUSTEE OF WILLIAM D. KWIATEK

By his counsel,

*/s/ Kathleen R. Cruickshank*
Kathleen R. Cruickshank (BBO #550675)
Murphy & King, Professional Corporation
One Beacon Street
Boston, Massachusetts  02108
Phone: (617) 423-0400
Facsimile: (617) 556-8985
kcruickshank@murphyking.com

Dated: September 6, 2019