United States Bankruptcy Court
District of Massachusetts

In re:                                                        Case No. 07-11753-msh
William D. Kwiatek                                            Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0101-1          User: telam          Page 1 of 1          Date Rcvd: Sep 06, 2019
                              Form ID: pdf012      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 08, 2019.
db          #+William D. Kwiatek,   10 Ipswich River Road,   Danvers, MA 01923-1378

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                        TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 08, 2019                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 6, 2019 at the address(es) listed below:
        Andrew M. Osborne    on behalf of Creditor    Testa, Hurwitz & Thibeault, LLP
        aosborne@osbornefontelaw.com,  Contact@osbornefontelaw.com
        Harold B. Murphy    mxc@hanify.com,  ma33@ecfcbis.com;dkonusevska@murphyking.com
        John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
        Kathleen R. Cruickshank    on behalf of Plaintiff Harold B. Murphy kcruickshank@murphyking.com,
        bankruptcy@murphyking.com;asavoia@murphyking.com;ecf-f3829d9f3bd3@ecf.pacerpro.com
        Kathleen R. Cruickshank    on behalf of Trustee Harold B. Murphy kcruickshank@murphyking.com,
        bankruptcy@murphyking.com;asavoia@murphyking.com;ecf-f3829d9f3bd3@ecf.pacerpro.com
        Nicholas L. Triantos    on behalf of Debtor William D. Kwiatek nltlaw@nltlegal.com,
        G3651@notify.cincompass.com
        Nicholas L. Triantos    on behalf of Trustee Harold B. Murphy nltlaw@nltlegal.com,
        G3651@notify.cincompass.com
        Richard E. Mikels    on behalf of Interested Party    Excalibur I, LLC rmikels@pszjlaw.com
        Robert A. McCall    on behalf of Creditor Melvin    Schreiber rmccall@peabodyarnold.com
        Robert A. McCall    on behalf of Interested Party    Excalibur I, LLC rmccall@peabodyarnold.com
        Stephen A Cain    on behalf of Interested Party Robert Michael Siemons
        stephenaustincain@hotmail.com,  dainrbirkley@hotmail.com
        Stephen G. DeLisle    on behalf of Interested Party    Schreiber Law Firm, LLC
        sdelisle@rubinrudman.com
        Stephen G. DeLisle    on behalf of Interested Party    Consolidation USA, Inc.
        sdelisle@rubinrudman.com
        William H. Harris    on behalf of Defendant Suzanne    Schreiber wharris@zwickerpc.com
        William H. Harris    on behalf of Creditor    Jeffrey A. Schreiber wharris@zwickerpc.com
        William H. Harris    on behalf of Interested Party Suzanne    Schreiber wharris@zwickerpc.com
                                                                        TOTAL: 16

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| **In re:** | ) | |
| | ) | **Chapter 7** |
| **WILLIAM D. KWIATEK,** | ) | **Case No. 07-11753-MSH** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**ORDER APPROVING AND ESTABLISHING SALE PROCEDURES AND**
**APPROVING TERMINATION FEE PROVISIONS**

Harold B. Murphy, in his capacity as Chapter 7 Trustee (the "Trustee") of the above-referenced debtor (the "Debtor") having filed his *Motion by Chapter 7 Trustee for Entry of Order Approving and Establishing Sale Procedures and Termination Fee Provisions in connection with Sale of Assets Free and Clear of Liens, Claims, Encumbrances and Interests* (the "Sale Procedures Motion") seeking entry of an order approving and establishing certain sale procedures and a termination fee in connection with the Trustee's proposed sale the Purchased Assets to Anlyn Associates, Inc. (the "Buyer"); and the Court having considered the Sale Procedures Motion and all pleadings associated with that motion; and no objections having been filed; and after due deliberation and sufficient cause therefor,

**THIS COURT HEREBY FINDS THAT**:

A.      Capitalized terms not otherwise defined in this order shall have the respective meanings attributed to such terms in the Sale Procedures Motion.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1).  Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.      The Trustee has filed the *Motion by Chapter 7 Trustee For Entry of Order Authorizing and Approving: (I) Sale of Assets By Private Sale, Free and Clear of Liens, Claims, Encumbrances and Interests and (II) Grant of General Release* (the "Sale Motion").  The Sale Motion seeks the approval of the Sale Agreement between the Trustee and the Buyer (the "Agreement") that contemplates the sale of the Purchased Assets and authority to execute the Release to the Released Parties.

D.      The purchase price for the Purchased Assets pursuant to the Sale Agreement is $100,000 (the "Purchase Price").  The Buyer has submitted a $25,000 deposit (the "Deposit") to the Trustee.

E.      The Sale Agreement provides that the Purchaser is entitled to a termination fee of $10,000 (the "Termination Fee") in the event that the Trustee consummates a sale of the Purchased Asset to the proponent of a Competing Bid (as defined below).

F.      The Buyer has expended, and likely will continue to expend, considerable time and substantial money and energy pursuing the sale and has engaged in extended and lengthy good faith negotiations.  The Sale Agreement and closing of the transactions contemplated thereby are the culmination of these efforts.

G.      The Termination Fee was a material inducement for, and a condition of, the Buyer's entry into the Sale Agreement.  The Buyer is unwilling to act as the stalking-horse bidder without the Termination Fee.  By having the Buyer as a stalking-horse bidder, additional bidding on the Purchased Assets will be promoted.

H.      The approval of the Termination Fee will therefore benefit the Debtor's bankruptcy estate.

2

I.      Notice of the Sale Procedures Motion was appropriate under the circumstances, and no further notice is required.

J.      The Court has scheduled a hearing on the Sale Motion on **October 16, 2019 at 10:00 AM** (the "Sale Hearing").

K.      Good and sufficient cause exists for the entry of this Order.

**NOW THEREFORE,** it is **HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      The Sale Procedures Motion is hereby granted in its entirety, and the September 10, 2019 hearing on the Sale Procedures Motion is canceled.

2.      The following Sale Procedures shall apply to the sale of the Purchased Assets:

a.      Any competing bid shall be deemed to qualify as a competing bid for the purchase of the Purchased Assets (a "Competing Bid") only if: (i) made upon terms and provisions set forth in the Sale Agreement for the purchase of all of the Purchased Assets and (ii) for a cash amount of at least $25,000 more than the sum of the Purchase Price, or $125,000.

b.      A Competing Bid must contain a case caption as set forth above and be filed, in accordance with the applicable Federal and local Rules of Bankruptcy Procedure,[1] with the United States Bankruptcy Court for the District of Massachusetts, John W. McCormack Post Office and Courthouse, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945, **on or before 4:30 p.m. on October 1, 2019** (the "Bid Deadline"). A Competing Bid must be served on (i) Trustee's counsel, Murphy & King, Professional Corporation, One Beacon Street, Boston, MA 02108, Attn: Kathleen R. Cruickshank, Esq.; (ii) the Office of the United States Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts, 02109-3949; and (iii) counsel for the Buyer, Pachulski Stang Siehl & Jones, LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Richard  E, Mikels, Esq (collectively, the "Bidding Notice Parties").

c.      A Competing Bid must not be subject to contingencies for financing or the completion of due diligence.

---

[1] Including, without limitation, the restrictions on facsimile filings pursuant to MLBR 5005-4.

d.      Any bidder submitting a Competing Bid must deliver a cash deposit to counsel for the Trustee at the time of submission of such bid in the amount of $25,000.  The cash deposit shall be in the form of a certified check or wire transfer of immediately available funds, and must be received on or before the Bid Deadline.  The deposit delivered by a competing bidder will be forfeited in the event that such competing bidder is the successful bidder and fails to close on the sale through no fault of the Trustee.

e.      Any party submitting a Competing Bid shall demonstrate to the Trustee's satisfaction that: (i) it is financially able to consummate the transactions contemplated by the Competing Bid, in cash in the amount of the Competing Bid, which ability may be demonstrated by submission of bank statements, current audited or unaudited financial statements, or other reasonable evidence, or, if the bidder is an entity formed for the purpose of acquiring the assets in question, current audited or unaudited financial statements or other reasonable evidence of the financial capability of the equity holders of the bidder, and (ii) it is able to fulfill all remaining obligations in connection with the purchase of the Purchased Assets.

f.      An auction for the Purchased Assets shall be held only if there is a Competing Bid.  In the absence of a Competing Bid, the Trustee shall seek approval of the sale of the Purchased Assets to the Buyer, pursuant to the terms of the Sale Agreement.

g.      Bidding at any auction for the Purchased Assets shall be conducted by the Trustee at the hearing on the Sale Motion (the "Sale Hearing") by open cry.

h.      Only persons who have submitted a timely, qualified Competing Bid may participate in any auction.   Notwithstanding this provision, the Buyer may compete in any auction for the Purchased Assets, and shall be entitled to improve its offer at any auction for the Purchased Assets.

i.      Any objection to the Sale Motion must be filed, in accordance with the applicable Federal and local Rules of Bankruptcy Procedure, with the United States Bankruptcy Court for the District of Massachusetts, John W. McCormack Post Office and Courthouse, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945, **on or before 4:30 p.m. on October 1, 2019**, and served on the Bidding Notice Parties.

3.      The proposed form of notice (the "Notice of Sale") attached to the Sale

Procedures Motion as <u>Exhibit B</u> is hereby approved, and the Trustee is authorized to serve the

Notice of Sale, via ECF and/or First Class U.S. mail, upon the parties-in-interest identified in the

Sale Procedures Motion.

4

4.      If the party submitting the highest and best offer fails to close on the sale of the

Purchased Assets, the Trustee is authorized, but not directed, to sell the Purchased Assets to the

party submitting the next highest or best offer without the necessity of further Court approval;

provided that nothing in this order shall modify or affect the ability of the Trustee or the Buyer to

terminate the Agreement according to its terms.

5.      In the event the Buyer and/or the party who submits the highest and best bid for

the Purchased Assets fails to close on the sale, and such failure constitutes a breach of the

agreement between that party and the Trustee by such party, then such party's deposit shall be

forfeited to the Debtor's estate and the Trustee shall retain same as liquidated damages.

6.      The Termination Fee is approved.  In the event that the Purchased Assets are sold

to a party other than the Buyer, the Trustee is authorized to remit the Termination Fee in

accordance with the Sale Agreement and this Order.  At the election of the Trustee, the Trustee

may pay the Termination Fee to the Buyer from the proceeds and at the closing of a transaction

for the Purchased Assets to a party other than the Buyer, pursuant to the Sale Motion (a

"Competing Transaction").

7.      In the event of the consummation of a Competing Transaction, the Deposit, or in

the event that any Competing Bid is not the winning bid, the deposit of the proponent of such

unsuccessful Competing Bid, shall be released to the Buyer or the proponent of an unsuccessful

Competing Bid, as applicable, without further notice or order of the Court (and the automatic

stay under Section 362 of the Bankruptcy Code is hereby waived to the extent necessary to

permit such release and any actions that may be necessary or proper for any party to take to

effectuate such release).

5

8. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order, including to (i) interpret, implement and enforce the provisions of this Order and the Agreement, any subsequent amendments to, modifications of, consents relating to or waivers thereof and any related documents and (ii) adjudicate all matters concerning the Sale Procedures, the Sale Motion, this Order or the Agreement.

_____
Melvin S. Hoffman, United States Bankruptcy Judge

DATED:   September 6, 2019

6