**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re: ) ) ) **WILLIAM D. KWIATEK,** ) ) **Debtor** ) ) | Chapter 7 Case No. 07-11753-MSH |

**ORDER APPROVING SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND ENTRY INTO GENERAL RELEASE ON BEHALF OF THE ESTATE, CONSOLIDATION USA II, INC. AND THE DEBTOR**

On October 16, 2019, the Court held a hearing (the "**Sale Hearing**") to consider the sale motion [docket no. 330] (the "**Sale Motion**") filed on August 13, 2019, by Harold B. Murphy, as he is Chapter 7 trustee (the "**Trustee**") of the estate (the "**Estate**") of William D. Kwiatek (the "**Debtor**") in the above captioned Chapter 7 case, pursuant to Section 105 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004 and 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1, 2002-2, 2002-5, 6004-1 and 9013-3 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Massachusetts ("**MLBR**"), for entry of an order authorizing and approving: (1) the private sale by the Trustee to Anlyn Associates, Inc., a Delaware corporation or its designee(s) (collectively, the "**Buyer**") pursuant to the terms of the *Agreement Regarding Purchase and Sale of Membership Interests and Claims* dated as of August 13, 2019 attached to the Sale Motion (the "**Sale Agreement**") certain assets of the Estate and of Consolidation USA II, Inc. ("**Consolidation II**"), the Debtor's wholly owned corporation (as further defined below, the "**Purchased Assets**") free and clear of all liens, claims, interests and encumbrances to the Buyer (the "**Sale**"); and (2) the Trustee's grant of a general release on behalf of the Debtor, the Estate

762458

and Consolidation II (the "**Release**") of any and all claims of any kind or nature against the Buyer, Excalibur I, LLC, a New York limited liability company, Excalibur II, LLC, a New York limited liability company, Consolidation USA, Inc., a Massachusetts corporation, the estate of Melvin Schreiber, Jeffrey A. Schreiber, Gary E. Schreiber, Suzanne E. Zwicker, Schreiber/Cohen, LLC, an Indiana limited liability company and Moses and Schreiber, LLP, a New York limited liability partnership (the "**Released Parties**").

The Court having considered the Sale Motion and the Affidavit of the Trustee filed on October 17, 2019 [doc. no. 341] in support of his request that the Court find the Buyer is entitled to good faith protections under 11 U.S.C. § 363(m); and the Court having entered an order on September 6, 2019 [docket no. 334] (the "**Bid Procedures Order**") approving the notice, bidding and sale procedures set forth in the Sale Motion; and after due deliberation, and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AND DETERMINES THAT,[1]

A.  The Court has jurisdiction to hear and determine the Sale Motion and to authorize the Trustee to execute the Release pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  The statutory predicates for the approval of the Sale Motion and the transactions contemplated therein are sections 105 and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004 and 9019(a).

---

[1] The findings of fact and the conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

C. This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

D. Actual written notice of the Sale Motion, and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, has been afforded, in accordance with Sections 102(1), 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 6004 and 9019, and in compliance with the Bidding Procedures Order to all known interested entities, including, but not limited to the following parties: (i) the United States Trustee; (ii) the Debtor; and (iii) counsel to the Buyer; (iv) all parties who have filed appearances or requested notices through the Court's CM/ECF system; (v) all relevant taxing authorities; (vi) all known creditors of the Debtor and Consolidation II; and (vi) all parties identified by the Trustee as having an interest in bidding on the Purchased Assets (the "**Notice Parties**").

E. Actual written notice of the Sale Hearing, the Sale of the Purchased Assets and the request for authority to grant the Release and a reasonable opportunity to object or be heard with respect thereto, has been afforded to all known interested entities, including, but not limited to the Notice Parties.

F. Notice of the Sale Hearing and the Sale was timely, proper, and reasonably calculated to provide the Notice Parties and all other interested parties with timely and proper notice of the Sale and the Sale Hearing as well as the other terms and conditions of the Sale Motion, including those that relate to the Release of the Released Parties.

G. As of the Petition Date, the Debtor was the President, Director and sole shareholder of Consolidation II, a Massachusetts corporation. Consolidation II owns one-third of the membership interests (the "**Interest**") in Excalibur I, LLC, a New York limited liability corporation ("**Excalibur I**").

H. The Debtor, Consolidation II, and the Trustee, in his capacity as Chapter 7 trustee of the Estate and sole stockholder of Consolidation II, assert and could assert certain claims, causes of action and actions, whether known or unknown, matured or unmatured, foreseen or unforeseen, direct or indirect, assertable directly or derivatively, in contract or tort, in law or equity (collectively, the "**Claims**"), against the Released Parties.

I. Pursuant to the Sale Agreement, the Trustee seeks authority to sell and transfer all of the Debtor's right title and interest in and to the Interest and the Claims (collectively, the "**Purchased Assets**") free and clear of all of all liens, claims, interests and encumbrances with any such liens, claims, encumbrances and interests to attach to the proceeds of the sale.

J. Based upon the record before the Court, the Trustee has demonstrated that the Estate and/or Consolidation II hold ownership interest in the Purchased Assets and that the Trustee as the sole stockholder of Consolidation II has the ability to sell, transfer, convey, and assign the Purchased Assets to the Buyer on behalf of the Estate, Consolidation II and the Debtor. Further, the Trustee has the ability to execute the Release on behalf of the Estate, Consolidation II and the Debtor.

K. As evidenced by the certificates of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Bid Procedures Order, the Sale Motion, the Sale Hearing, the Sale, the Trustee's Affidavit and the transactions contemplated thereby, was provided in accordance with the orders previously entered by this Court, Sections 105(a) and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004 and 9007. The notices described herein were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Bid Procedures Order, the Sale Motion, the Sale Hearing, the Sale or the Release is or shall be required.

L. The Sale Agreement was proposed, negotiated, and entered into by Trustee and the Buyer without collusion, in good faith and from arm's-length bargaining positions.

M. As attested to by the Trustee in his Affidavit, the Buyer is a good faith purchaser in that: (i) the Buyer and the Trustee and engaged in good faith, arm's-length negotiations to determine the terms and conditions of the Sale Agreement; (ii) the Trustee and the Buyer have entered into the Sale Agreement in good faith and without collusion or fraud; and (iii) no party has alleged any conduct that would constitute improper agreements or conduct under Section 363(n) of the Bankruptcy Code. Accordingly, the Buyer is entitled to all of the protections afforded under Section 363(m) of the Bankruptcy Code.

N. The Trustee conducted the sale process in accordance with, and has otherwise complied in all respects with, the Bid Procedures Order. The sale procedures set forth in the Bid Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Purchased Assets. In particular, the sale procedures provided potentially interested parties with a full and fair opportunity to bid on the Purchased Assets or to object to the grant of the Release any or other aspects of the transactions contemplated in the Sale Motion and the Sale Agreement.

O. The Sale Agreement represents a fair and reasonable offer to purchase the Purchased Assets under the circumstances of this chapter 7 case, and is fair and adequate and the consummation of the Sale to the Buyer is a reasonable exercise of the Trustee's business judgment. No other entity or group of entities has offered to purchase the Purchased Assets for greater overall value to the Estate than the Buyer.

P. The Trustee may sell the Purchased Assets free and clear of all liens, claims, encumbrances and interests as provided for herein because, in each case, one or more of the

standards set forth in section 363(f)(1) through (5) of the Bankruptcy Code has been satisfied. As the sole shareholder of Consolidation II, a non-operating company, the Trustee has the right, pursuant to authority of this Court, to sell the Estate's and Consolidation II's interest in the Purchased Assets, if any, free and clear of all liens claims, encumbrances and interests including, without limitation, any liens claims encumbrances and interests which may be held by persons holding liens, claims encumbrances and interests against the Debtor, the Estate and Consolidation II, in each case, of any kind or nature (including, without limitation, all "claims" as defined in section 101(5) of the Bankruptcy Code), whether known or unknown, pre-petition or post- petition, secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, statutory or non-statutory, liquidated or unliquidated, matured or unmatured, legal or equitable, material or non-material, disputed or undisputed, whether arising before, on or after the date on which this case was commenced, and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under doctrines of successor liability.

Q.  Without the protections afforded to the Buyer under the Bankruptcy Code and this Order, the Buyer would not have offered to pay the consideration contemplated in the Sale Agreement.

R.  The Consideration to be paid by the Buyer under the Sale Agreement was negotiated at arms'-length and constitutes far and adequate consideration for the Sale and the issuance of the Release.

S.  The Buyer is not an "insider" of any Debtor, as that term is defined in section 101(31)(A) of the Bankruptcy Code, except the Debtor, prior to the filing of the petition herein,

was the owner of all of the stock of Consolidation II, which owns a one third interest in Excalibur I. The Buyer also held (and still holds) a one third interest in Excalibur I. Neither the Buyer or any of the Released Parties the Released Parties are a relative of the Debtor or a general partner of the Debtor, or a partnership in which the debtor is a general partner or a general partner of the Debtor or a corporation of which the Debtor is a director, officer, or person in control or a person in control of the Debtor.

T.  The Trustee has extensively investigated any potential causes of action that could be asserted against the Released Parties. The Sale takes into account the likelihood of success with respect to litigation on the Trustee's claim and the costs and delay that would have been incurred by the Estate in pursuing such litigation. As such, the transactions proposed in the Sale Motion constitute a reasonable exercise of the Trustee's business judgment and are in the best interest of the Estate.

ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:

**General Provisions**

1. The Sale Motion is ALLOWED as set forth in this Order.

2. This Court's findings of fact and conclusions of law in the Bidding Procedures Order and the record of the Bidding Procedures Hearing are incorporated herein by reference.

3. All creditors and other parties in interest of the Debtor, the Estate and Consolidation II have had the opportunity to object to the relief requested in the Sale Motion, and no objections were filed. The parties who did not object or did not object timely are deemed to have consented to the entry of this Order pursuant to Section 363(f)(2) of the Bankruptcy Code.

**Approval of the Sale of the Purchased Assets to Buyer and Approval of the Sale Agreement with Buyer**

  4. The bid submitted by Buyer for the Purchased Assets set forth in the Sale Agreement is approved by the Court and is deemed by the Court to constitute the highest and best offer for the Purchased Assets and the sale of the Purchased Assets to the Buyer is in the best interests of the Estate and its creditors.

  5. The Sale Agreement and all of the transactions contemplated thereunder are hereby approved pursuant to, *inter alia*, Sections 105(a), 363(b) and (f) of the Bankruptcy Code.

  6. The Trustee is authorized and empowered, pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, to execute documents of conveyance on behalf of Consolidation II, and on behalf of the Debtor, and to perform all of his obligations pursuant to the Sale Agreement and to execute such other documents and take such other actions and execute, deliver and perform such other agreements, instruments and documents as are reasonably necessary to effectuate the transactions contemplated by the Sale Agreement and consummate the transactions thereunder at a closing on the Sale (the "**Closing**") Including without limitation the delivery of the Release. No consents or approvals, other than those expressly provided for in the Sale Agreement, are required for the Trustee to consummate the transactions contemplated by the Sale Agreement. At the Closing, the Trustee is authorized without further order of the Court to return all deposits to qualified bidders with whom the Trustee does not close a transaction.

  7. The sale of the Purchased Assets, pursuant to this Order and the Sale Agreement, will vest the Buyer with all of the right, title, and interest of the Trustee, the Debtor and Consolidation II in and to the Purchased Assets and will be a legal, valid and effective transfer of the Purchased Assets free and clear of all liens, claims, encumbrances, and interests.

8. In the event that any part of the relief sought in the Sale Motion is construed as a compromise of a controversy, the compromise provided for herein constitutes a reasonable exercise of the Trustee's business judgement and the settlement was negotiated in good faith, is fair and equitable and falls well within the range of reasonableness, and is approved by this court.

**Transfer of the Purchased Assets to Buyer**

9. The sale and transfer of the Purchased Assets to the Buyer pursuant to the Sale Agreement and Sections 105(a) and 363(b) of the Bankruptcy Code shall constitute legal, valid and effective transfer to the Buyer and shall vest in the Buyer all of the Debtor's, Consolidation II"s and the Estate's right, title and interest in and to the Purchased Assets free and clear of all liens, claims, interests and encumbrances, with any such liens, claims, interests and encumbrances to attach to the proceeds of the sale.

10. The sale, assignment, and transfer of the Purchased Assets to the Buyer is on an "as is, where is" basis with no representations or warranties of any kind including, without limitation, any warranty of merchantability or fitness for a particular purpose, pursuant to the Sale Agreement.

**Good Faith Purchase**

11. The consideration to be paid by the Buyer under the Sale Agreement is fair and reasonable and is a transfer for fair consideration. Except for the Sale Agreement, neither the Buyer, nor any of its principals or affiliates, have previously transacted business with the Trustee in his capacity as Trustee.

12. The Buyer and Consolidation II each hold membership interests in Excalibur I and the Debtor, Consolidation II and the Trustee may hold claims against the Buyer; however, the Buyer has negotiated the sale of the Purchased Assets directly with the Trustee, who is an

independent fiduciary, such that the Buyer's connections, if any, with the Debtor do not defeat the protections of section 363(m) of the Bankruptcy Code.

13. The Buyer is a good faith purchaser as that term is defined in section 363(m) of the Bankruptcy Code and is entitled to all of the protections afforded thereunder.

**Miscellaneous Provisions**

14. Except with respect to enforcing the terms of the Sale Agreement and/or this Order, absent a stay pending appeal, no person shall take any action to prevent, enjoin or otherwise interfere with consummation of the transactions contemplated in or by the Sale Agreement or this Order. Further, all persons including, without limitation Consolidation II and the Debtor, and the agents, servants, employees, representatives, successors, assigns and attorneys of either, are hereby stayed and permanently enjoined from any action to bring, commence, continue action upon, collect or recover any Claim that might have been threatened, commenced or continued by the Trustee, the Debtor, Consolidation II or any representative of the Estate, against any Released Party.

15. In the event that the Trustee and the Buyer consummate the transactions contemplated by the Sale Agreement, at any time after entry of this Order, then with respect to the transactions approved and authorized herein, Buyer, as a purchaser in good faith within the meaning of Section 363(m) of the Bankruptcy Code, shall be entitled to the protections of Section 363(m) of the Bankruptcy Code in the event this Order or any authorization contained herein is reversed or modified on appeal.

16. The Court shall retain exclusive jurisdiction to (i) enforce and implement the terms and provisions of the Sale Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements, documents and instruments executed therewith; (ii) compel transfer of the Purchased Assets and the Release to the Buyer and the Released Parties,

respectively; (iii) compel the Buyer to perform all of its obligations under the Sale Agreement; (iv) resolve any disputes, controversies or claims arising out of or relating to the Sale Agreement; and (v) interpret, implement and enforce the provisions of the Sale Agreement and this Order.

**Objections**

17. No objections to the Sale Motion were filed.

**Withdrawal of proofs of claim**

18. Any proof of claim filed in this case by Melvin Schreiber or Suzanne E. Zwicker shall be deemed withdrawn against the Estate, effective upon the completion of a) the delivery of the Release by the Trustee and b) the closing of the sale of the Claims and the Interest.

Dated: October 21, 2019

*/s/ Melvin S. Hoffman*   10/21/2019

Melvin S. Hoffman
United States Bankruptcy Judge